[Cite as *In re J.P.*, 2016-Ohio-337.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

IN RE: J.P.

C.A. No.        15CA010821

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.        15JP44954

DECISION AND JOURNAL ENTRY

Dated: February 1, 2016

SCHAFER, Judge.

{¶1}    Appellant, Marsheen P. ("Mother"), appeals from a judgment of the Lorain County Court of Common Pleas, Juvenile Division, that terminated her parental rights to her youngest minor child and placed him in the permanent custody of Lorain County Children Services ("LCCS").  This Court reverses and remands.

I.

{¶2}    Mother is the natural mother of the only child at issue in this case: J.P.,[1] born March 7, 2015.  J.P.'s father is not a party to this appeal.

{¶3}    Prior to J.P.'s birth, Mother's older minor children were removed from her custody and three of them were ultimately placed in the permanent custody of LCCS during 2014.  Shortly after his birth, LCCS filed a complaint to remove J.P. from his parents' custody.

---

[1] Although the record intermittently refers to the child as J.W., this Court will consistently refer to him as J.P.

The complaint alleged that the parents had not resolved their parenting problems from the prior cases and sought permanent custody of J.P.

**{¶4}** Because the juvenile court had involuntarily terminated Mother's parental rights to three of J.P.'s siblings, LCCS sought and obtained an order that relieved it from making reasonable efforts to reunify her with J.P. *See* R.C. 2151.419(A)(2)(e). Following a hearing on the disposition of the child, the trial court found that J.P. could not be returned to Mother's custody within a reasonable time or should not be returned to her and that permanent custody was in the best interest of J.P. Consequently, it terminated Mother's parental rights to J.P. Mother appeals and raises two assignments of error.

I.

**Assignment of Error I**

**The trial court['s] ruling was against the manifest weight of the evidence when applying R.C. 2151.414(D).**

**{¶5}** Mother's first assignment of error is that the evidence failed to support the trial court's judgment. LCCS based its motion for permanent custody on the trial court's termination of Mother's parental rights to J.P.'s older siblings. While this appeal was pending, however, this Court reversed the trial court's 2014 permanent custody judgments pertaining to the siblings. *See In re M.P.*, 9th Dist. Lorain No. 15CA010693, 2015-Ohio-4417, ¶ 37 (vacating the permanent custody judgments pertaining to the siblings and returning the cases to the trial court); *see also Armstrong v. Marathon Oil Co.*, 32 Ohio St.3d 397, 418 (1987). Therefore, rather than filing a brief to oppose Mother's assignments of error, LCCS conceded that this Court should reverse the trial court's termination of Mother's parental rights to J.P. because the factual basis for that judgment no longer existed.

{¶6} This Court must agree that, given our reversal of the judgments terminating Mother's parental rights to J.P.'s siblings, there is no evidence to support the trial court's permanent custody judgment in this case. Mother's first assignment of error is sustained.

## Assignment of Error II

**The trial court erred in not granting appellant's motion for a continuance.**

{¶7} Because Mother's second assignment of error has been rendered moot, it will not be addressed. App.R. 12(A)(1)(c).

## III.

{¶8} Mother's first assignment of error is sustained and her second assignment of error was not addressed. The judgment of the Lorain County Court of Common Pleas, Juvenile Division, is reversed and remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JULIE A. SCHAFER
FOR THE COURT

MOORE, P. J.
CONCURS.

HENSAL, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

BARBARA A. WEBBER, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and CARA FINNEGAN, Assistant Prosecuting Attorney, for Appellee.